FILED

NOV - 7 2012

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DOUGLAS MARSHALL JACKSON,       )
                                )
            Petitioner,         )
                                )
    v.                          )   Civil Action No. 12-1813
                                )
JUAN C. PUIG, et al.,           )
                                )
            Respondents.        )

### MEMORANDUM OPINION

This matter comes before the Court on review of the petitioner's application to proceed *in forma pauperis* and *pro se* petition for a writ of mandamus. The Court will grant the application, and dismiss the petition.

The Court must dismiss a complaint if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. §§ 1915(e)(1)(B), 1915A(b)(1). In *Neitzke v. Williams*, 490 U.S. 319 (1989), the Supreme Court states that the trial court has the authority to dismiss not only claims based on an indisputably meritless legal theory, but also claims whose factual contentions are clearly baseless. Claims describing fantastic or delusional scenarios fall into the category of cases whose factual contentions are clearly baseless. *Id.* at 328. The trial court has the discretion to decide whether a complaint is frivolous, and such finding is appropriate when the facts alleged are irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

The petitioner is a prisoner who currently is incarcerated at the Martin Correctional Institution in Florida. He declares himself a "Sovereign American National and Sovereign



Ambassador," Pet. at 3, who is not subject to the laws of the state of Florida, *see id.* at 2. He claims that he is "unlawfully and unconstitutionally incarcerated," *id.*, and he demands a writ of mandamus to effect his immediate release, *see id.* at 13.

The Court is mindful that complaints filed by *pro se* litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Here, the Court concludes that what factual contentions are identifiable in the petition are baseless and wholly incredible. *See United States v. Burris*, 231 Fed. App'x 281, 282 (4th Cir. 2007) (per curiam) (rejecting as frivolous the argument that defendant's status as Moorish American National deprives federal district courts of jurisdiction over offenses under federal law); *Bey v. St. Louis Cnty. Police Dep't*, No. 4:12-CV-1461, 2012 WL 3782558, at *2 (E.D. Mo. Aug. 31, 2012) ("Plaintiff's purported status as a Moorish–American citizen does not enable him to violate state or federal laws without consequence. As a result, plaintiff's allegations are legally frivolous and subject to dismissal."). For this reason, the petition is frivolous and must be dismissed. *See* 28 U.S.C. § 1915A(b)(1).

An Order consistent with this Memorandum Opinion is issued separately.

/s/ Reggie B. Walton
United States District Judge

DATE: October 28, 2012